IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEDRICK DEWAYNE MORGAN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:15-CV-210 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner TEDRICK DEWAYNE MORGAN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th Judicial District Court of Potter County, Texas, for the felony offense of possession of a controlled substance and the resultant 20-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On October 23, 2013, petitioner was charged by indictment in Cause No. 68,024 with the offense of possession of a controlled substance of less than one gram in a drug free zone, enhanced. [ECF 26-18 at 34, 55]. Petitioner entered a plea of not guilty, was tried by a jury, and on June 5, 2014, the jury found petitioner guilty, found the enhancement paragraphs to be true,

and sentenced petitioner to a term of imprisonment of forty years. [*Id.* at 36-37]. Petitioner filed a notice of appeal, and the trial court appointed new counsel to assist petitioner with the appeal. [*Id.* at 61]. On August 11, 2014, the trial court granted petitioner's motion for new trial. [*Id.* at 62]. The same date, petitioner, pursuant to a plea agreement, pleaded guilty to the offense of possession of a controlled substance and true to the enhancement paragraphs in exchange for the waiver of the drug-free zone finding. [ECF 26-18 at 58]. The trial court sentenced petitioner to twenty years in prison. *See State v. Morgan*, No. 68,024-E. [*Id.*]. Petitioner did not appeal.

Petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition and, on June 3, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Morgan*, No. 82,556-05. [ECF 26-16].

On June 24, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on October 6, 2016, respondent filed her answer.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because his appellate counsel rendered ineffective assistance when he violated attorney/client confidentiality by discussing petitioner's motion for new trial with another attorney who represented petitioner on different criminal matters.

III.
STANDARD OF REVIEW

In her October 6, 2016 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims of ineffective assistance of counsel. [ECF 25 at 4-7, 12-18]. The Court

will not repeat respondent's recitation regarding these standards of review, as they are well established in habeas corpus law.

IV.
MERITS

Petitioner claims he received ineffective assistance of counsel because his appellate counsel violated attorney/client confidentiality by discussing petitioner's motion for new trial in his Potter County case with a separate attorney who represented petitioner on other criminal matters in Randall County.[1]  Respondent has thoroughly briefed the issue that petitioner knowingly and voluntarily entered his guilty plea in the underlying Potter County case in exchange for the waiver of the drug-free zone finding and for the sentence reduction to a term of twenty years imprisonment.  By pleading guilty, petitioner waived the claim he asserts herein.  As stated by respondent,

> [C]hallenges to a conviction obtained by guilty plea are limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz*, 718 F.2d at 1376–77. The scope of a claim waived by a valid guilty plea 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.' *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

[ECF 25 at 10].  Petitioner has not raised any claim as to the voluntariness of his plea.

In addition, petitioner has failed to meet his burden of proof.  An ineffective assistance of counsel claim requires petitioner to show that his appellate counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Moreover, when a state prisoner asks a federal

---

[1] While it is somewhat difficult to ascertain, it appears that many of petitioner's complaints in this matter actually relate to events that occurred in his other cases filed in Randall County, with some of those events likely occurring after his guilty plea in the Potter County case. [*See* ECF 25 at 17].

court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013). Petitioner has failed to demonstrate that his Potter County appellate counsel's communications with the trial attorney for his Randall county cases rose to a violation of attorney/client privilege; petitioner merely hypothesizes that it did. Further, petitioner has not demonstrated how he was prejudiced by any such conversation. Thus, petitioner's claim should be denied.

## V.
## AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claims raised herein and denied relief. In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient.

Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden in this regard; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's October 6, 2016 Response [ECF 25], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner TEDRICK DEWAYNE MORGAN be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 2, 2018.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).